| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Rebecca Tomilowitz, Bar 150127<br>Colmenares & Tomilowitz<br>1321 Post Avenue, Ste 201<br>Torrance, CA  90501<br>(310)  851-8072<br>rtomilowitz@aol.com | **FILED & ENTERED**<br><br>**MAR 21 2016**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY beaucham DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |
| ☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*:  Debtor | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>David Saravia<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-25514 WB<br>CHAPTER: 13 |
|---|---|
| | **ORDER  ☐ GRANTING   ☒ DENYING<br>MOTION TO AVOID JUNIOR LIEN<br>ON PRINCIPAL RESIDENCE<br>[11 U.S.C. § 506(d)]** |
| | DATE: March 9, 2016<br>TIME:  ~~8:30 a.m.~~ *1:30 p.m.*<br>COURTROOM: 1375<br>PLACE: 255 E Temple Street, Los Angeles, CA  90012 |

**Creditor Holding Junior Lien** *(name)*:  **Specialized Loan Servicing, LLC**

1. The Motion was:   ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:

    *Street Address*:  817 E 115th Street
    *Unit Number*:
    *City, State, Zip Code*:  Los Angeles, CA  90059; APN: 6072-011-022

Legal description or document recording number (*including county of recording:*

☐  See attached page.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                                    Page 1                                               F 4003-2.4.JR.LIEN.ORDER

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Holder of 1st lien *(name)* \_\_\_\_\_ in the amount of $ \_\_\_\_\_ .

   b. Holder of 2nd lien *(name)* \_\_\_\_\_ in the amount of $ \_\_\_\_\_ .
      ☐ is    ☐ is not    to be avoided;

   c. Holder of 3rd lien *(name)* _____ in the amount of $ _____ .
      ☐ is    ☐ is not    to be avoided;

      ☐ See attached page for any additional encumbrance(s).

4. The Motion is:

   a. ☒ DENIED    ☐ with    ☒ without    prejudice, on the following grounds:
      (1) ☐ Based upon the findings and conclusions made on the record at the hearing
      (2) ☐ Unexcused non-appearance by Movant
      (3) ☒ Lack of proper service
      (4) ☐ Lack of evidence supporting motion
      (5) ☐ Other *(specify)*:


   b. ☐ GRANTED on the following terms:
      (1) The Subject Property is valued at no more than $ \_\_\_\_\_ based on adequate evidence.
      (2) This avoidance of the respondent's junior lien is effective upon: ☐ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge in this case.
      (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.
      (4) Any filed proof of claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.
      (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.  The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan.  If an amended claim is not filed, the trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.
      (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☐ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.
      (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☐ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                             Page 2                              **F 4003-2.4.JR.LIEN.ORDER**

(8) In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☐ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

(9) ☐ See attached continuation page for additional provisions.

###

Date: March 21, 2016

*Julia W. Brand*
Julia W. Brand
United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*     Page 3     F 4003-2.4.JR.LIEN.ORDER